BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

MYTHILI RAMAN
Acting Assistant Attorney General
U.S. Department of Justice, Criminal Division
JAMES A. SILVER
Trial Attorney, Computer Crime & Intellectual Property Section
1301 New York Avenue, Suite 600
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-082 KJM |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER BETWEEN THE UNITED STATES AND MATTHEW KEYS |
| v. | |
| MATTHEW KEYS, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America ("the government"), by and through its counsel of record, and defendant Matthew Keys, by and through his counsel of record, hereby stipulate as follows:

    1.    This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

    2.    Materials produced by Tribune Company ("Tribune") or by the government but originally obtained from Tribune, whether as discoverable material under Fed. R. Crim. P. 16, possible Giglio material, or material covered by 18 U.S.C. § 3500 ("Protected Materials"), may be

Stipulation and [Proposed] Protective
Order 2:13-CR-082 KJM

1

designated "Confidential Information" as set forth below. The protections afforded to Protected Materials by this Protective Order shall apply to information and items designated as Confidential Information as well as to any information copied or extracted therefrom, and any copies, excerpts, summaries, or compilations thereof.

3. As used herein, "Confidential Information" means tangible things or information (regardless of how generated, stored or maintained) for which good cause under Fed. R. Crim. P. 16(a) can be established, and which contain names, addresses, telephone numbers, social security numbers, driver's license numbers, places of birth, dates of birth, bank account information, credit card information, personal financial or salary information, e-mail addresses, usernames, passwords, and other security questions and answers. It also includes (1) any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7); (2) any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1); (3) any and all other similar personal identification information; and (4) information about the computer networks and information-security practices and programs of Tribune Company ("Tribune").

4. "Party" or "parties" shall refer to plaintiff United States of America and/or defendant Matthew Keys.

5. "Producing party" or "receiving party" shall refer to the plaintiff, defendant, or Tribune.

6. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than in the matter *United States v. Keys*, Criminal No. 13-082 (E.D. Ca.) (the "Criminal Action"). All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) in this Criminal Action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party, including any expert or consultant to whom such Protected Materials are disclosed. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

7. The only people who may view the Confidential Information are (a) the parties in this case (subject to the limitation contained in paragraph 10); (b) the parties' counsel of record in this

case (including attorneys, paralegals, secretarial and clerical staff, and other regular employees); (c) consultants to and vendors of the parties' counsel of record (including trial consultants, jury consultants, and service vendors such as copying services retained in connection with this case for purposes of preparing exhibits for court proceedings), provided that such persons must first execute a Declaration of Compliance as set forth in Exhibit A hereto; (d) law enforcement personnel to whom it is reasonably necessary to disclose the information for this case; (e) experts (as defined below) to whom disclosure is reasonably necessary for this case; (f) the Court and its personnel; (g) the Jury; and (h) any other person only upon order of the Court following an opportunity of the producing party to be heard, or upon stipulation of the producing party.

8. "Expert" or "experts" shall mean a person with specialized knowledge or experience in a matter pertinent to this case who has been retained by counsel of record in this case to serve as an expert witness or as a consultant in this case. Experts may only use Protected Materials in connection with the rendition of expert services to counsel for a party to this case, and must agree to be bound by the terms of this Protective Order by signing a Declaration of Compliance as attached in Exhibit A hereto.

9. For good cause, the producing party may move the Court for an order compelling the receiving party to provide the producing party with copies of all Declarations of Compliance signed by its consultants, vendors, and experts.

10. Defense counsel is prohibited from providing defendant, or causing defendant to be provided, with any Confidential Information and shall not let defendant review any Confidential Information except in the presence of defense counsel or the presence of an investigator, paralegal, or expert working with defense counsel on the case. Defendant shall not maintain, retain, or keep a copy of any Confidential Information.

11. To designate materials as "Confidential Information" under this Protective Order, the producing party shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover or label, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

12. Within 90 days of the conclusion of this Criminal Action, including the exhaustion of direct and collateral appeals, the receiving parties shall return the Protected Materials and all copies, as well as all notes, memoranda, summaries, or other documents containing information derived from the Protected Materials, to counsel for the producing party, or shall destroy them and certify in writing to counsel for the producing party that the documents have been destroyed. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

13. In the event that the defendant obtains substitute counsel, undersigned defense counsel agrees to withhold the Protected Materials from new counsel unless and until substituted counsel agrees to be bound by this order.

14. Defense counsel will store the Protected Materials in a secure place and will use reasonable care to ensure that they are not disclosed to third persons in violation of this agreement.

15. If the defense makes, or causes to be made, any further copies of any of the Protected Materials, the defense will inscribe the following notation on each copy: "PROTECTED MATERIALS – SUBJECT TO PROTECTIVE ORDER."

16. Defense counsel shall be responsible for advising the defendant, other members of the defense, and defense experts, investigators, and witnesses of the contents of this Order.

17. Nothing in this Order shall prevent any party or Tribune from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

18. In order to provide mutual protection from inadvertent disclosure of discovery, the parties and Tribune agree that the inadvertent or mistaken disclosure of discovery, which is subject to a reasonable claim that it should have been withheld from disclosure because it contains information subject to the attorney-client privilege or attorney work product doctrine, will not constitute a waiver of the privilege or doctrine, if:

    a. The producing party requests the return or destruction of the discovery containing privileged or protected information within ten (10) business days upon becoming aware of the inadvertent or mistaken disclosure of privileged or protected information; and

Stipulation and [~~Proposed~~] Protective Order 2:13-CR-082 KJM

b. The producing party makes its request no later than 180 days after its initial production of the discovery for which it seeks the return or destruction; and

c. The producing party, when requesting such return or destruction, identifies with particularity the content which was inadvertently or mistakenly produced and states the basis for the privilege or withholding of such information from production; and

d. The producing party provides a copy of the discovery with redactions of the privileged or protected content, where such redaction is possible, within ten (10) business days of providing notice of the inadvertent or mistaken disclosure. In the event that the entirety of the discovery is privileged or protected and cannot be redacted, the producing party shall notify the receiving party in writing that no such redaction is possible within ten (10) business days of providing notice of the inadvertent or mistaken disclosure; and

e. The producing party provides a privilege log within ten (10) business days of providing notice of the inadvertent or mistaken disclosure, describing the content, source, date and author of any privileged information or attorney work product returned under the terms of this agreement and the basis for withholding such information.

19. Any information that the producing party deems to contain inadvertently or mistakenly-disclosed privileged or protected information that is non-discoverable, including inadvertently-disclosed, non-discoverable information that is not privileged, shall be, upon written request, returned within ten (10) business days to counsel for the producing party. All copies of such information inadvertently or mistakenly produced shall be destroyed by the receiving party, and any documents, materials, data and information reflecting the contents of the inadvertently or mistakenly-produced information shall be expunged. The producing party agrees to maintain and not destroy any documents retained pursuant to this agreement during the pendency of this Criminal Action.

20. If the receiving party does not agree with the claim that the information is non-discoverable or privileged, the parties, including Tribune if the information at issue was originally obtained from Tribune, must promptly meet and confer in an attempt to resolve the claim or the receiving party may move for a Court order compelling production of the material. Pursuant to Fed.

R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim asserted in accordance with the terms of this Order that the document is protected from disclosure by the attorney client privilege or the attorney work-product doctrine shall not waive the protection or the privilege for either that document or for the subject matter of that document.

IT IS SO STIPULATED.

DATED: August 29, 2013

/s/ Matthew D. Segal
MATTHEW D. SEGAL
Assistant United States Attorney

/s/ James A. Silver
JAMES A. SILVER
Trial Attorney

DATED: August 29, 2013

/s/ Tor Ekeland
TOR EKELAND

/s/ Jason Scott Leiderman
JASON SCOTT LEIDERMAN
Counsel for Defendant

**O R D E R**

IT IS SO FOUND AND ORDERED this 29th day of August, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Stipulation and [~~Proposed~~] Protective
Order 2:13-CR-082 KJM

6

EXHIBIT A TO THE PROTECTIVE ORDER

DECLARATION OF COMPLIANCE

1. My name is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

   _____.

4. I have been engaged as _____

   on behalf of _____
   in the preparation and conduct of the matter *United States v. Keys*, Criminal No. 13-082 (E.D.Ca.) (the "Criminal Action").

5. I have received a copy of the Protective Order dated _____, 2013, and I have carefully read and understand its provisions. I agree to comply with and be bound by all the provisions of said Order. I understand that I am to retain all copies of Protected Materials, as defined by the Protective Order, in a secure manner and in accordance with the terms of said Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information containing or reflecting any Protected Materials are to be returned to counsel who provided me with such material.

6. I will not divulge Protected Materials to persons other than those specifically authorized by said Order, and I will not copy or use except solely for the purpose of this Criminal Action, any Protected Materials obtained pursuant to said Order, except as provided in said Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: _____

Executed on _____, 20_____.