BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
PAUL A. HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
United States Department of Justice, Criminal Division
JAMES SILVER
Deputy Chief for Litigation
Computer Crime and Intellectual Property Section
Washington, DC 20530
Telephone: (202) 514-1026

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MATTHEW KEYS,<br><br>                    Defendant. | CASE NO. 2:13-CR-0082 KJM<br><br>UNITED STATES' MOTION IN LIMINE #2 TO ADMIT SUMMARY OF VOLUMINOUS EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006<br><br>DATE: September 25, 2015<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

**I.      INTRODUCTION**

The United States requests an in-limine ruling admitting into evidence a summary of voluminous evidence.

**II.     FACTS**

While assembling its case-in-chief, the government has reviewed several categories of voluminous evidence, including computers, external hard drives, and server logs which, if printed to paper, would consume tens of thousands of pages.  Moreover, some of this evidence is in a challenging format, rendering its examination unusually difficult.

In order to distill this evidence into a comprehensible summary, the government has created a

Microsoft PowerPoint presentation, which is attached.  (Exh. A.)

### III. LAW

#### A. Federal Rule of Evidence 1006 Permits the Use of A Summary to Prove the Content of Voluminous Writings That Cannot Be Conveniently Examined in Court.

Federal Rule of Evidence 1006 ("Summaries to Prove Content") provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court.  The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.  And the court may order the proponent to produce them in court

The Ninth Circuit has recognized that summary evidence "can help the jury organize and evaluate evidence which is factually complex and fragmentally revealed in the testimony of the multitude of witnesses."  *United States v. Shirley*, 884 F.2d 1130, 1133 (9th Cir. 1989) (quoting *United States v. Lemire*, 720 F.2d 1327, 1348 (D.C. Cir. 1983)); *see also United States v. Meyers*, 847 F.2d 1408, 1412 (9th Cir. 1988) (approving the use of a summary witness where the sequence of events was confusing and the chart contributed to the clarity of presentation).  Such summaries are admissible evidence.  *Meyers*, 847 F.2d at 1412; *United States v. Wood*, 943 F.2d 1048, 1053 (9th Cir. 1991).

Although the underlying materials upon which the summary testimony is based must be "admissible" and available for inspection, they need not be actually admitted into evidence.  *Meyers*, 847 F.2d at 1412; *United States v. Johnson*, 594 F.2d 1253, 1257 n.6 (9th Cir. 1979).   The foundation for admission of such a summary is simply that the records are voluminous and that in-court examination would be inconvenient.  *United States v. Duncan*, 919 F.2d 981, 988 (5th Cir. 1990).  If the underlying documents are themselves admissible, they need not be in evidence for a summary witness to describe them and admit the summary of voluminous records.  Fed. R. Evid. 1006.

The summary witness may review the evidence in a manner that advocates the Government's theory of the case, and need not give effect to the contentions of the defendant.  *United States v. Moore*,

997 F.2d 55, 58-59 (5th Cir. 1993).  Copies of the summaries may be published to the jury while the summary witness testifies concerning them.  *Id*.

A district court's decision to admit a summary under Rule 1006 is reviewed for abuse of discretion.  *United States v. Anekwu*, 695 F.3d 967, 982 (9th Cir. 2012).

### B. The Records Underlying the Summary Are Admissible, Voluminous, and Would Be Inconvenient to Examine In Court.

The summary draws from multiple hard drives seized by the Federal Bureau of Investigation, as well as server logs obtained from a victim company, third-party business records, and the anticipated testimony of a trial witness who will precede the introduction of the summary.

Each of these categories of evidence is admissible.  A stipulation of the parties filed in this case (Document 66) established the authenticity and admissibility, subject only to a showing of relevance, of the third-party business records and victim server logs that partially underlie the summary.  Subject to ongoing discussions about additional stipulations and the resolution of a pending motion to quash, the government plans to admit the remaining categories of underlying records through the testimony of trial witnesses with personal knowledge.

The summary draws from voluminous hard drives and server log files that would be inconvenient to examine in court, and would total in the tens of thousands of pages if printed to paper.  In light of the unusual formatting of certain of these files, it has been inconvenient to review them even in specialized computer forensic facilities.

Finally, the defense has been provided with the records underlying the summary, and will have the opportunity to cross-examine the witness presenting it.

### IV. CONCLUSION

As the underlying records are admissible, voluminous, and would be inconvenient to examine in court, the Court should admit into evidence the attached summary.

Dated:  September 9, 2015        LESLIE R. CALDWELL
Assistant Attorney General

By:   /s/ JAMES SILVER
JAMES SILVER
Deputy Chief for Litigation