BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
PAUL HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
United States Department of Justice, Criminal Division
JAMES SILVER
Deputy Chief for Litigation
Computer Crime and Intellectual Property Section
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-82 KJM |
| Plaintiff, | UNITED STATES' MOTION IN LIMINE #1 REGARDING PROOF OF LOSS |
| v. | DATE: September 25, 2015 |
| MATTHEW KEYS, | TIME: 9:00 a.m. |
| Defendant. | COURT: Hon. Kimberly J. Mueller |

The United States moves for an in limine ruling on the admissibility of the evidence it will offer to prove the loss element of the charge in Count 2 of the Superseding Indictment. The United States intends to offer evidence that between October 28, 2010 through January 5, 2010, Keys's course of conduct caused loss in the monetary value of the time that salaried employees spent investigating and responding. The proof will be proffered chronologically. First, Fox 40 employees will testify about their time-consuming efforts to identity and stop the perpetrator of attacks that began soon after Keys was fired. At the time, they could not prove Keys was behind the conduct, but in the course of denying responsibility, Keys predicted that Anonymous was going to attack *The Los Angeles Times*. That

happened, of course, and Keys was behind it.  In the second part of the Government's case, Tribune Company information technology employees will testify about the time that they spent responding, conducting a damage assessment, and restoring the system.

During the offense, Fox 40 and the *The Los Angeles Times* were both part of Tribune Company and shared the same network and login credentials.  The Superseding Indictment charges that defendant's course of conduct lasted between October 28, 2010 and January 5, 2010.  (Superseding Indictment at Count 1, ¶ 1(h); Count 2, ¶¶ 1-2).  The proper inquiry for the jury is what aggregate damage Keys caused in that period.  *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 935 (9th Cir. 2004) ("The damage floor in the Computer Fraud and Abuse Act contains no 'single act' requirement.").

Tribune Company employee time will be valued at hourly rates derived from each employee's salary.  The Ninth Circuit has approved this proof method.  *See United States v. Middleton*, 231 F.3d 1207, 1214 (9th Cir. 2000).  "Costs associated with investigating intrusions into a computer network and taking subsequent remedial measures are losses within the meaning of the statute."  *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 895 (N.D. Cal. 2010).

This all occurred within the course of conduct and caused by it.  The Superseding Indictment expressly alleges that after he was fired, but before he made contact with Anonymous, Keys kept and used for malicious purposes login credentials to Tribune's server.  (Superseding Indictment at Count 1, ¶ 1(h); Count 2, ¶¶ 1-2).  For example, Keys repeatedly deactivated his replacement's login credentials.  (She will also testify about her own lost time and its value.)  Keys sent a command to Tribune Company's server to download Fox 40's list of about 20,000 viewers who had signed up for an affinity program and then used that list to send spam to Fox 40's viewers.  Once Keys gained access to the Anonymous IRC channel, he actually offered the list to Anonymous.

Witnesses Brandon Mercer and Jerry Del Core will testify that as Fox 40 employees, they spent scores of hours trying to identify the source of the network breach and stop it.  They did this in meetings among management, counsel, and law enforcement.  Mercer even had consensually recorded meetings with Keys in order to help the FBI figure out if Keys was the one behind the theft and misuse of Fox 40's contact list.  These efforts were all expended during the time period charged in Count 2 and will be

valued based on the salary of the people involved.

      Witnesses Tim Rodriguez, Tom Comings, and Dylan Kulesza will testify that once an editor of *The Los Angeles Times* discovered that a story had been defaced, they spent scores of hours responding. They will assess a monetary value to their time based on their salary.

      This proof method is entirely conventional and the United States therefore asks for an in limine ruling as to its propriety.

Respectfully submitted,

Dated:  September 9, 2015

BENJAMIN B. WAGNER
United States Attorney

By: /s/ MATTHEW D. SEGAL
MATTHEW D. SEGAL
Assistant United States Attorney