1  BENJAMIN B. WAGNER
   United States Attorney
2  MATTHEW D. SEGAL
   PAUL HEMESATH
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone:  (916) 554-2700
5  Facsimile:   (916) 554-2900

6  LESLIE R. CALDWELL
   Assistant Attorney General
7  United States Department of Justice, Criminal Division
   JAMES SILVER
8  Deputy Chief for Litigation
   Computer Crime and Intellectual Property Section
9  Washington, DC 20530
   Telephone: (202) 514-1026

10
   Attorneys for Plaintiff
11 United States of America

12
                    IN THE UNITED STATES DISTRICT COURT
13
                      EASTERN DISTRICT OF CALIFORNIA
14

15 UNITED STATES OF AMERICA,              CASE NO.  2:13-CR-82 KJM

16                       Plaintiff,        UNITED STATES' MOTION IN LIMINE #3
                                           TO BAR EVIDENCE REGARDING OTHER
17              v.                         HACKER PROSECUTIONS

18 MATTHEW KEYS,                           DATE: September 25, 2015
                                           TIME: 9:00 a.m.
19                       Defendant.        COURT: Hon. Kimberly J. Mueller

20

21        The United States moves for an order barring evidence and argument regarding how or whether

22 other computer hackers who were charged and how any cases were resolved, unless for the purpose of

23 impeaching a witness who was convicted.  This case is one of a number that resulted from a wave of

24 hacking attacks by persons associated with Anonymous.  In the United States and elsewhere, law

25 enforcement succeeded in identifying and prosecuting people.  But the Government's prosecutive

26 decisions in other cases are irrelevant to whether Keys is guilty of the crimes alleged in the Superseding

27 Indictment.

28        Such evidence or argument could only suggest that there was selective prosecution of the

Defendant Keys, a claim that would have to be made to the Court, not the jury.  A "selective prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution."  *United States v. Armstrong*, 517 U.S. 456, 463 (1996).  It would be a pretrial motion for the Court.  United States v. Oaks, 508 F.2d 1403, 1404 (9th Cir. 1974).

Of course, if Defendant actually calls convicted members of Anonymous, he may impeach them with their convictions.  Fed. R. Evid. 609.

Respectfully submitted,

Dated:  September 9, 2015

BENJAMIN B. WAGNER
United States Attorney

By:  /s/ MATTHEW D. SEGAL
MATTHEW D. SEGAL
Assistant United States Attorney