BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
PAUL HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
United States Department of Justice, Criminal Division
JAMES SILVER
Deputy Chief for Litigation
Computer Crime and Intellectual Property Section
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>MATTHEW KEYS,<br><br>             Defendant. | CASE NO. 2:13-CR-82 KJM<br><br>UNITED STATES' MOTION IN LIMINE #4 TO ESTABLISH COMPLETENESS OF EXCERPTS OF DEFENDANT'S STATEMENT<br><br>DATE: September 25, 2015<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

   The United States intends to offer excerpts of the statement that Defendant made when agents executed a search warrant at his residence and moves for a finding that the attached selected excerpts are sufficiently complete so as not to be misleading and require supplement.

   Offered by the United States, these out-of-court statements are admissible as statements of a party opponent. Fed. R. Evid. 801(d)(2)(A). If offered by the Defendant, these statements would be inadmissible hearsay. Fed. R. Evid. 801(c), 802. *See, e.g., United States v. Mitchell*, 502 F.3d 931, 964-965 (9th Cir. 2007) ("These statements [by defendant] were inadmissible hearsay; as [defendant] was attempting to introduce them himself, they were not party-opponent

admissions, nor did the fact that they were made in a more broadly self-inculpatory confession bring them within the statement-against-interest exception."); *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) (affirming trial court's preclusion of defendant eliciting on cross-examination exculpatory statements given to law enforcement officer); *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) ("It seems obvious defense counsel wished to place [defendant's denial to police officer] before the jury without subjecting [defendant] to cross-examination, precisely what the hearsay rule forbid.").

If the Government publishes the attached excerpts, the Rule of Completeness, Fed. R. Evid. 106, does not provide the Defendant a route to offering his own hearsay into evidence. The Ninth Circuit teaches, "The Rule [of Completeness] does not . . . require the introduction of any unedited writing or statement merely because an adverse party has introduced an edited version." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014). It is not proper to allow a Defendant to bring in un-cross-examined, self-exculpating hearsay in the guise of presenting the "flavor of the interview." *Id.* Rather, "if the complete statement does not serve to correct a misleading impression in the edited statement that is created by taking something out of context, the Rule of Completeness will not be applied to admit the full statement." *Id.* "Rule 106 'does not compel admission of otherwise inadmissible hearsay evidence.'" *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996).

The Government has not yet finished marking its exhibits and choosing what excerpts to offer. Attached to this motion a transcript of the complete statement of the Defendant with the currently planned excerpts marked in yellow highlight. In the interest of avoiding trial surprise and delay, the United States asks for a ruling that each of the highlighted excerpts does not convey a misleading impression by taking things out of context, and may therefore be admitted into evidence without supplement.

                                                Respectfully submitted,

Dated:  September 9, 2015                BENJAMIN B. WAGNER
                                                United States Attorney

                                            By:  /s/ MATTHEW D. SEGAL
                                                    MATTHEW D. SEGAL
                                                    Assistant United States Attorney