BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
PAUL HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
United States Department of Justice, Criminal Division
JAMES SILVER
Deputy Chief for Litigation
Computer Crime and Intellectual Property Section
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>            v.<br><br>MATTHEW KEYS,<br><br>                    Defendant. | CASE NO. 2:13-CR-82 KJM<br><br>UNITED STATES' MOTION IN LIMINE #6<br>TO BAR ARGUMENT OF VICTIM NEGLIGENCE<br><br>DATE: September 25, 2015<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

The United States moves for an in limine order barring Defendant from presenting evidence of victim negligence and barring Defendant from arguing that agents of Tribune Company, Fox 40, and/or *The Los Angeles Times* were negligent in the way that they operated their computer network.

The Ninth Circuit has already rejected the argument that evidence of a victim's failure to maintain a secure computer network can be used to excuse computer crime or claim that loss was not "caused" by a defendant. In *Creative Computing v. Getloaded.com LLC*, 386 F.3d 930 (9th Cir. 2004), the defendant argued that the plaintiff/victim had failed to install a free operating system patch that would have prevented the whole incident. *Id.* at 936. The Ninth Circuit rejected such reasoning:

> Getloaded's argument that truckstop.com could have prevented some of the harm by installing the [software] patch is analogous to a thief arguing that "I would not have been able to steal your television if you had installed deadbolts instead of that silly lock I could open with a credit card." A causal chain from the thief to the victim is not broken by a vulnerability that the victim negligently leaves open to the thief.

*Id.* Victim negligence is irrelevant when it does not go to an element of the crime.

The Government is likely to present evidence that when Keys was caught, Keys himself blamed the victim for the network practices that allowed him to commit the crime. But that is a criminal's confession. Attorneys should be barred from presenting evidence of victim negligence and barred from arguing that such facts are in any way exculpatory. "They were careless and deserved it" would be a call for nullification. It is no defense to the charges.

Dated: September 9, 2015

Respectfully submitted,

BENJAMIN B. WAGNER
United States Attorney

By: /s/ MATTHEW D. SEGAL
MATTHEW D. SEGAL
Assistant United States Attorney