BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
PAUL HEMESATH
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

LESLIE R. CALDWELL
Assistant Attorney General
United States Department of Justice, Criminal Division
JAMES SILVER
Deputy Chief for Litigation
Computer Crime and Intellectual Property Section
Washington, DC 20530
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MATTHEW KEYS,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:13-CR-82 KJM<br><br>UNITED STATES' MOTION IN LIMINE #7 TO BAR CERTAIN NULLIFICATION EVIDENCE AND ARGUMENT<br><br>DATE: September 25, 2015<br>TIME: 9:00 a.m.<br>COURT: Hon. Kimberly J. Mueller |

　　　The United States moves for an order barring evidence and argument about the following: (1) the penalties Defendant will face if convicted, (2) the existence of civil remedies for violation of the Computer Fraud and Abuse Act, (3) Government policies outside the record, and (4) any plea agreement that might have been offered to the Defendant.

　　　The United States moves for an in limine order barring Defendant from disclosing to the jury the penalties that the Defendant will face if convicted. "[I]t is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991), as amended on denial of reh'g (Feb. 11, 1992). "[T]he jury ha[s] no sentencing function and

1  should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*,
2  422 U.S. 35, 40 (1975).  This principle reflects a "basic division of labor in our legal system between
3  judge and jury." *Shannon v. United States*, 512 U.S. 573, 579 (1994).  "Moreover, providing jurors
4  sentencing information invites them to ponder matters that are not within their province, distracts them
5  from their fact-finding responsibilities, and creates a strong possibility of confusion." *Id.*  It would be
6  especially misleading to inform a federal jury of applicable statutory maxima, "because a defendant
7  seldom receives the maximum penalty permissible under the statute of conviction." *United States v.*
8  *Larson*, 495 F.3d 1094, 1106 (9th Cir. 2007) (en banc).
9        It is also irrelevant that the Computer Fraud and Abuse Act contains civil remedies not at issue in
10 this criminal trial.  "[T]he availability of a civil remedy is irrelevant to the issue of criminal liability[.]"
11 *See United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980); *United States v. Sinagra*, 584 F. App'x
12 628, 630 (9th Cir. 2014) (CFAA).  Putting the possibility of civil suit in front of the jury would confuse
13 them with an irrelevant issue.  *See Buras*, 633 F.2d at 1360.
14       This case is about whether the Defendant committed the acts alleged in the Superseding
15 Indictment.  It is not about providing a forum for the Anonymous list of grievances.  Defendant should
16 not be able to argue for acquittal based on the United States Government's policies related to Edward
17 Snowden, Julian Assange, or Wikileaks.  If the defense makes arguments associating the prosecution
18 with extra-record government policies, the Court should interrupt the argument and correct it.  *See*
19 *United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) (When counsel argued the government was the
20 same government prosecuting the Iraq War, "the district court, exercising considerable restraint in the
21 face of blatant jury nullification arguments, properly instructed the jury to disregard counsel's
22 statements.").  "Not only should a judge interfere with an attorney's closing argument when it is 'legally
23 wrong,' but [s]he should also limit, for example, attorneys' remarks outside the record or unduly
24 inflammatory.  *See United States v. Sturgis*, 578 F.2d 1296, 1300 (9th Cir. 1978).
25 //
26 //
27 //
28 //

1     Any plea agreement offered by the United States in this case is also irrelevant and inadmissible. What dispositions the Government might have offered years after the offense have nothing to do with non-hearsay evidence of whether the Defendant committed the crimes. *See United States v. Fell*, 372 F. Supp. 2d 773, 783 (D. Vt. 2005) aff'd, 531 F.3d 197 (2d Cir. 2008) ("It is well settled that a prosecutor's belief in the defendant's guilt is not relevant.").

                                                                       Respectfully submitted,

Dated: September 9, 2015                     BENJAMIN B. WAGNER
                                                       United States Attorney

                                                     By:  /s/ MATTHEW D. SEGAL
                                                            MATTHEW D. SEGAL
                                                            Assistant United States Attorney