1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,                    No.  2:13-cr-82-KJM

12              Plaintiff,

13        v.                                       ORDER

14   MATTHEW KEYS,

15              Defendant.

16

17

18              Defendant requests that the court postpone his June 15, 2016 surrender date

19   pending his appeal of his conviction and sentence.  Amend. Mot. for Release Pending Appeal

20   (Mot.), ECF No. 163.  His motion was filed on June 7, 2016, and the United States opposed on

21   June 13, 2016.  ECF No. 169.  For the following reasons, the court DENIES the motion.

22              Defendant's sentencing hearing was held on April 13, 2016.  ECF No. 153.  In

23   determining the sentence, the court allowed defendant to self-surrender with the court retaining

24   jurisdiction to modify the self-surrender date upon a showing of good cause by either side.  *Id.*

25   The court's determination of defendant's current motion, whereby defendant seeks to delay his

26   self-surrender date, is governed by 18 U.S.C. § 3143(b).  Section 3143(b) requires detention of a

27   sentenced defendant unless the court finds an exception applies.

28
                                              1

1    Exceptions to detention are available where the court finds: (1) by clear and

2    convincing evidence that defendant is not likely to flee or pose a danger to others; (2) that the

3    appeal is not being taken for delay; and (3) that the appeal "raises a substantial question of law or

4    fact likely to result in . . . reversal, . . . an order for a new trial, . . . a sentence that does not

5    include a prison term, or . . . a reduced sentence to a term of imprisonment less than the total time

6    already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). "A

7    'substantial question' is one that is fairly debatable or fairly doubtful." *United States v. Wheeler*,

8    795 F.2d 839, 840 (9th Cir. 1986) (citing *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir.

9    1985)). As the moving party, defendant bears the burden of establishing that such an exception

10   exists. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990). Defendant's motion

11   argues all three prongs. Assuming without deciding that defendant satisfies the first two prongs,

12   the court finds the third dispositive.

13   Defendant argues the United States proved a different and irrelevant crime at trial

14   other than the crime charged in the Superseding Indictment (Indictment). Mot. at 3–4. Defendant

15   also argues that there was insufficient evidence of damage, that the court applied an incorrect

16   Computer Fraud and Abuse Act (CFAA) loss instruction, and lastly, that there was insufficient

17   evidence to establish one of the elements of conspiracy or to support a finding of a single

18   overarching conspiracy. *Id.* at 6–7. In order for an issue to be "substantial," it must be one that is

19   "fairly debatable," or "fairly doubtful." *Wheeler*, 795 F.2d at 840. In other words, "a 'substantial

20   question' is one of more substance than would be necessary to a finding that it was not frivolous."

21   *Handy*, 761 F.2d at 1283. The court is unpersuaded that defendant has met this bar.

22   The United States correctly notes that Count Two of the Indictment is broader in

23   terms of time and conduct than the charged defacement of *The Los Angeles Times* website. ECF

24   No. 44 at 5. Specifically, Count Two charged that between October 28, 2010 and January 5,

25   2011, defendant "knowingly transmitted a program, information, code, and command, and, as a

26   result of such conduct, intentionally caused damage without authorization to a protected computer

27   . . ." *Id.* Defendant argues there was "a variance . . . [where] the charging terms of the indictment

28   are left unaltered, but the evidence offered at trial proves facts materially different from those

2

1  alleged in the indictment."  Mot. at 3 (citing *United States v. Von Stoll*, 726 F.2d 584, 586 (9th

2  Cir. 1984)).  But the United States presented evidence of defendant's conduct in illicitly

3  procuring an email list he used to send a series of emails to FOX40 staff and contestants, all

4  within the charged time frame.  Both the website defacement and the obtaining of the e-mails

5  breached the computer-based content management system (CMS) of the victim, Tribune

6  Company.

7          Defendant also argues that because the data was backed up, there was no damage;

8  the court finds this argument unpersuasive.  The inability of an employee such as Samantha

9  Cohen to log in to work, and the employer's inability to promptly change usernames and

10  passwords, and resecure the compromised system all constitute damage.  *Shurgard Storage Ctrs.,*

11  *Inc. v. Safeguard Self Storage, Inc.*, 119 F. Supp. 2d 1121, 1126–27 (W.D. Wash. 2000).

12  Defendant further argues the court improperly allowed testimony and instructions that supported

13  and provided an overbroad definition of loss.  Defendant does not identify any testimony with

14  particularity.  And the final jury instruction on loss defined it as "any reasonable cost to any

15  victim, including the cost of responding to an offense, conducting a damage assessment, and

16  restoring the data, program, system, or information to its condition prior to the offense."  ECF No.

17  118, Instruction No. 20.  This instruction tracked the exact language of the statute relied on in the

18  Indictment, 18 U.S.C. § 1030(e)(11).

19          Defendant argues additionally that evidence was insufficient to establish he took a

20  substantial step towards committing a crime, and thus that there was an overarching conspiracy.

21  Again, the court is unpersuaded.  The United States introduced into evidence a series of computer

22  codes showing attempted logins to the CMS, and chats between defendant and sophisticated

23  hackers, including one who succeeded in modifying *The Los Angeles Times* website.  The

24  evidence was sufficient to "cross the line between preparation and attempt by unequivocally

25  demonstrating that the crime [would] take place unless interrupted by independent

26  circumstances."  *United States v. Goetzke*, 494 F.3d 1231, 1237 (9th Cir. 2007); *see also*

27  *Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1102 (9th Cir. 2011).  Defendant has not explained

28

3

how the difference between one overarching conspiracy and multiple conspiracies raises a

substantial issue of law or fact likely to result in a reversal or new sentence.

Accordingly, the court DENIES defendant's motion.  Defendant shall surrender no

later than 2:00 PM on June 15, 2016 as previously ordered.

IT IS SO ORDERED.

DATED:  June 14, 2016.

_____
UNITED STATES DISTRICT JUDGE